**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Rashedah Henriques,<br><br>Plaintiff,<br><br>v.<br><br>Grant Cardone Training Technologies, Inc.,<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Rashedah Henriques ("Plaintiff") brings this class action complaint (the "Complaint") against Grant Cardone Training Technologies, Inc. ("Defendant"), and alleges, upon personal knowledge as to her own conduct, and upon information and belief as to the conduct of others, as follows:

## INTRODUCTION

1. Plaintiff commenced this action to stop Defendant from violating the Telephone Consumer Protection Act, 47 U.S.C §§ 227, et seq. ("TCPA") and invading the privacy of Plaintiff and the putative class. Specifically, Defendant patently violated 47 U.S.C. § 227(c)(5) of the TCPA as well as its related regulations under the Internal Do-Not-Call provisions of 47 C.F.R. § 64.1200(d)(3) and (6) by

failing to record and abide by Plaintiff's requests not to transmit any further text messages to her cell phone.[1]

2. By ignoring the repeated pleas of Plaintiff to stop the telemarketing text message transmissions, Defendant invaded her privacy interests.

3. The TCPA was enacted to protect consumers from unwanted text messages exactly like those alleged in this case.

4. In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited telemarketing text messages as well as an award of statutory damages per violation, together with court costs and treble damages (for knowing and/or willful violations).

**PARTIES**

5. Plaintiff is an individual and citizen of New Jersey and, at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

6. Upon information and belief, Defendant is, and at all times mentioned herein was, a foreign corporation with its principal place of business located at 18851 NE 29th Ave Fl 8 Miami, FL 33180.

7. At all times relevant to the Complaint, Defendant conducted business in the State of New Jersey and within this judicial district. At all times mentioned herein, Defendant was a "person" as defined by 47 U.S.C. § 153(39).

[1] These rules apply to both voice calls and text messages. *See Hudson v. Ralph Lauren Corp.*, 385 F. Supp. 3d 639 (N.D. Ill. 2019).

8. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, vendors, servants, representatives, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, representatives or employees.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

10. The Court has personal jurisdiction over Defendant because, *inter alia*, the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## LEGAL BASIS FOR THE CLAIMS

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy…." Telephone Consumer

Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

13. Specifically, the TCPA restricts telephone solicitations (i.e., telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines.

14. The TCPA also established the National Do-Not-Call Registry, as well as the requirement that all businesses that place calls for marketing purposes maintain a Company Specific "Internal" Do-Not-Call list ("IDNC list").

15. The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]."

16. Unlike the definition contained within the Nationwide DNC rule, the Company Specific DNC definition of "telemarketing" does not include any exceptions.

17. Accordingly, there is no exception for calls made to a person with whom the caller has an established business relationship ("EBR") or calls to persons who have given prior express consent.

18. Moreover, even if an EBR did exist, a text recipient's "seller-specific do-not-call request ... terminates an established business relationship for purposes of telemarketing and telephone solicitation even if the subscriber continues to do business with the seller." 47 C.F.R. § 64.1200(f)(5)(i).

19. Company-specific do-not-call requests must be honored for five years from the time the request is made, and within a reasonable time. 47 C.F.R. § 64.1200(d)(3).

20. Whether a business honored a consumer's do-not-call request in a reasonable amount of time, and the reasonableness of the business's response is a question of fact for the jury to decide.

21. Sellers must coordinate the do-not-call requests received by their telemarketers, so that all telemarketing calls on behalf of the seller cease if a consumer makes a do-not-call request to one of the seller's telemarketers.

22. Any company, or someone on the company's behalf, who calls or transmits a text to a member of the company IDNC violates the TCPA.

23. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

## **FACTUAL ALLEGATIONS**

24. According to its website, Defendant's founder, Grant Cardone "is an American businessman."

25. Mr. Cardone is an author and "founder of 10X Growth Conference, 10X Health System, Cardone Ventures & 10X Studios."

26. Mr. Cardone also created "Cardone U online education and The 10X Growth Conferences."

27. Unfortunately, Defendant has sought to grow its business by flagrantly disregarding the TCPA and its governing regulations.

**Defendant Fails to Honor Plaintiff's Multiple Requests**.

28. In 2024 and 2025, Plaintiff **repeatedly** requested that Defendant stop transmitting unsolicited telemarketing text messages to her cellphone.

29. Despite these requests, Defendant continued to transmit telemarketing text messages to Plaintiff over and over again.

30. Specifically, Plaintiff repeatedly replied "STOP" to various text messages.

31. But this did not end the harassment.

32. By way of example only, the Plaintiff sent "STOP" to the telemarketing text messages but continued to receive advertisements as follows:

- **INTENTIONALLY LEFT BLANK -**

-


8:00
3.7MI
5GE
75
310777
Apr 1, 2024 at 6:20 PM
For the First Time, I am gifting 10X Growth Conference access for free!
Register for FREE: https://grantcardone.com/getvirtual
This is the #1 Business Conference in the world with A-list speakers and Day 1 is tomorrow!
https://grantcardone.com/getvirtual
-Grant Cardone
txt stop to opt-out datamsg rates may apply
Apr 1, 2024 at 7:38 PM
Stop
Apr 1, 2024 at 9:51 PM
For the First Time, I am gifting 10X Growth Conference access for free!
Register for FREE: https://grantcardone.com/getvirtual
This is the #1 Business Conference in the world with A-list speakers and Day 1 is tomorrow!
https://grantcardone.com/getvirtual
Text Message • SMS

-


8:00
3.7MI
5GE
75
310777
Apr 1, 2024 at 7:38 PM
Stop
Apr 1, 2024 at 9:51 PM
For the First Time, I am gifting 10X Growth Conference access for free!
Register for FREE: https://grantcardone.com/getvirtual
This is the #1 Business Conference in the world with A-list speakers and Day 1 is tomorrow!
https://grantcardone.com/getvirtual
-Grant Cardone
txt stop to opt-out datamsg rates may apply
Apr 1, 2024 at 11:30 PM
You are now unsubscribed from these messages. Reply "START" to receive messages from this sender again.
Fri, Nov 29 at 4:26 PM
Rashedah, BLACK FRIDAY!
Buy 1 GrowthCon Ticket (MGM Vegas, Mar 19-21, 2025) & get 1 Business/ Real Estate event FREE!
Text Message • SMS

33.

34. Although the text message response indicated: "[y]ou are now unsubscribed," the messages continued to be unlawfully transmitted over and over again.

35. In addition to replying STOP, Plaintiff orally requested that the text messages stop via telephone call.

36. Unfortunately, however, the messages did not stop.

37. Defendant left Plaintiff with no choice but to file this lawsuit to prevent further harassment.

38. Based on the foregoing, Defendant does not maintain a written policy, available upon demand, for maintaining a do-not-call list, as required by 47 C.F.R. § 64.1200(d)(1).

39. Based on the foregoing, Defendant does not train their employees or agents who are engaged in telemarketing on the existence and use of any do-not-call list, as required by 47 C.F.R § 64.1200(d)(2).

40. Defendant failed to place Plaintiff on the do-not-call list, despite her repeated requests not to be contacted.

41. Instead, Defendant continued to transmit text messages to the her cellphone, in violation of 47 C.F.R § 64.1200(d)(3).

42. By its actions, Defendant also violated 47 C.F.R § 64.1200(d)(6).

43. Plaintiff properly alleges injuries in fact, which are fairly traceable to Defendant's unlawful acts, and are likely to be redressed by a favorable judicial decision.

44. Among other harms caused by the unlawful telemarketing text messages at issue, receiving the unwanted telemarketing resembles the kind of harm associated with intrusion upon seclusion.

45. Plaintiff's Prayer for Relief herein includes a request for damages for Defendant's unlawful telephone solicitations, as authorized by statute. *See* 47 U.S.C. § 227(c)(5).

46. These statutory damages were set by Congress and specifically redress the damages suffered by Plaintiff.

**CLASS ACTION ALLEGATIONS**

47. Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the following Class:

> All persons within the United States: (1) who received a telephone solicitation; (2) made by or on behalf of Defendant; (3) for the purpose of promoting Defendant's goods or services, (4) after making a do-not-call request to Defendant; (5) within the four years prior to the filing of the Complaint.

48. Plaintiff reserves the right to modify the definition of the Classes as warranted as facts are learned in further investigation and discovery.

49. Plaintiff and the members of the Class were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class after requesting the telemarketing stop, thereby causing annoyance to Plaintiff and the Class and also invading the privacy of Plaintiff and Class.

50. Plaintiff does not know the number of members in the Class but believes the members of the Classes number in the thousands, if not more. Thus, the members of the Classes are so numerous that joinder of all of them is impracticable, and this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

51. The members of the Class are ascertainable because the Class is defined by objective criteria and the Class members can be identified through Defendant's records or Defendant's agents' records.

52. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes.

53. Common questions for the Classes include, without limitation:

- Whether Defendant's conduct violated the TCPA;

- Whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct;

- Whether Defendant continued to transmit text messages to consumers after requests that it stop; and

- Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

54. As a person who directly requested a business to stop contacting her but continued to receive solicitations, Plaintiff is asserting claims that are typical of the Class.

55. Plaintiff and the Class suffered irreparable harm and invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA, and suffered damages because of the Defendant's uniform unlawful and wrongful conduct.

56. Absent a class action, the Class will continue to be damaged and face irreparable harm.

57. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.

58. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

59. Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex class actions.

60. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

61. This class action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making final injunctive relief appropriate with respect to the Class as a whole.

62. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

63. This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

64. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant’s actions.

65. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

66. Even if members of the Class could sustain such individual litigation, a class action would still be preferable because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

67. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured

**COUNT I**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. §§ 227, *ET SEQ*.**

68. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. The TCPA provides that any “person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may” bring a private action based on a violation of said regulations, which were promulgated to protect

telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

70. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do- not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6)

71. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wires telephone numbers as follows:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e)

72. Plaintiff made requests to Defendant not to receive telemarketing text messages transmitted from Defendant.

73. Defendant failed to honor Plaintiff's requests not to receive telemarketing text messages transmitted from Defendant.

74. Based on the foregoing, Defendant has not instituted procedures for maintaining a list of persons, including but not limited to Plaintiff, who requested not to receive telemarketing text messages transmitted by Defendant or on their behalf, pursuant to 47 C.F.R. § 64.1200(d).

75. Because Plaintiff received more than one text message in a 12- month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

76. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

77. Plaintiff is also entitled to and seeks injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT II**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**
**47 U.S.C. §§ 227, *ET SEQ*.**

78. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

79. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA's implementing regulation 47 C.F.R. § 65.1200(c).

80. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

81. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for the following relief and judgment against Defendant:

a. On the First Count and as a result of Defendant's negligent violations of the TCPA's implementing regulations, Plaintiff seeks: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-

judgment interest; and; (v) any other relief the Court may deem just and proper;

b. On the Second Count and as a result of Defendant's knowing and/or willful violations of the TCPA's implementing regulations, Plaintiff seek (i) \$1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; and (v) any other relief the Court may deem just and proper;

c. Post-judgment interest as allowed by applicable law; and

d. Any other further relief that the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable and all questions of fact raised by the Complaint.

Dated: New York, New York
September 12, 2025

**KAZEROUNI LAW GROUP, A.P.C.**

By: ______________________________

Ross H. Schmierer, Esq.
48 Wall Street, Suite 1100
New York, NY 10005
Phone: (800) 400-6808
Fax: (800) 520-5523
ross@kazlg.com

**LAW OFFICE OF ABEL L. PIERRE, P.C**
101 Park Avenue
Abel Pierre, Esq.
New York, NY 10178-0060
140 Broadway, 46th Floor,
Telephone: (212) 309-6000
New York, New York 10005
abel@apierrmerielaw.com

*Attorneys for Plaintiffs*

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: New York, New York
September 12, 2025

**KAZEROUNI LAW GROUP, A.P.C.**

By: __________________________
Ross H. Schmierer, Esq.
*Attorneys for Plaintiff*